UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DANNY R. JEFFERSON** | **CIVIL ACTION NO. 06-2417** |
| **VS.** | **SECTION P** |
| **HARVEY GRIMMER, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on December 27, 2006, by *pro se* plaintiff Danny R. Jefferson. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is presently incarcerated at the Bunkie Detention Center, Evergreen, Louisiana. He claims that Harvey Grimmer, Warden of the West Carroll Parish Detention Center (WCPDC), violated United States Supreme Court Rule 36 and plaintiff's Fifth, Sixth, and Fourteenth Amendment rights when he ordered plaintiff's transfer from WCPDC to another prison in March 2005. Plaintiff seeks "... monetary damages in the amount of $10,000 in punitive damages for the emotional stress caused by the unauthorized transfer..." [doc. 1-1, p. 6]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

Danny Ray Jefferson is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. According to Louisiana's published jurisprudence, on January 14, 2002, Jefferson entered into a plea agreement and pled guilty to charges of simple robbery and

attempted possession of a firearm by a convicted felon in the Fifth Judicial District Court, Richland Parish. On April 10, 2002, he was sentenced in accordance with the terms of the plea agreement to serve concurrent 7 ½ -year sentences. His convictions and sentences were affirmed on appeal to the Second Circuit Court of Appeals on January 29, 2003. *State of Louisiana v. Danny Ray Jefferson*, 36,562 (La. App. 2 Cir. 1/29/2003), 837 So.2d 733, *writ denied*, 2003-0933 (La. 11/7/2003), 857 So.2d 516.

On December 8, 2003, plaintiff, who was then incarcerated at the WCPDC, filed a petition for writ of *habeas corpus* in this court. See *Danny R. Jefferson v. Warden, West Carroll Detention Center*, 3:03-cv-2240. He claimed that Fifth Judicial District Court Judge McIntyre was without authority to accept his plea because plaintiff had filed a motion to recuse which remained pending at the time of the plea. [*id.*, doc. 1]

On April 27, 2004, United States Magistrate Judge James D. Kirk authored a Report recommending dismissal of the petition since the record demonstrated that Jefferson had withdrawn his recusal motion prior to the entry of his plea. [*id.*, doc. 32] In the Report and Recommendation, the Magistrate Judge erroneously noted that plaintiff had not provided a full transcript of the plea proceedings. In fact, however, the plea transcript had been provided as an exhibit associated with document number 31.

On July 9, 2004, United States District Judge Robert G. James signed a judgment of dismissal. In so doing, Judge James accepted the Report and Recommendation after having considered all of the evidence submitted by the plaintiff, including the plea transcript. [*id.*, docs. 42 and 43]

On July 19, 2004, Jefferson filed a Notice of Appeal. [*id.*, doc. 44] On August 20, 2004 Judge James denied Jefferson's request for a Certificate of Appealability (COA). [*id..*, doc. 47] Thereafter, on February 21, 2005 the United States Fifth Circuit Court of Appeals granted a COA

"... as to [Jefferson's] claims that the trial court was without authority to act after he filed a recusal motion and that he was pressured into withdrawing his recusal motion and entering a guilty plea.." The Fifth Circuit based this finding on the mistaken belief that Judge James had not reviewed the complete transcript of Jefferson's guilty plea. That court remanded the matter to this court for further proceedings. [*id*., doc. 50; *Danny R. Jefferson v. Warden of West Carroll Detention Center*, No. 04-30722]

On March 3, 2005, Judge James once again reviewed the pleadings, exhibits, and the Magistrate Judge's Report and Recommendation and again ordered that the petition be dismissed with prejudice. In so doing, Judge James specifically noted,

> In considering Petitioner's writ of *habeas corpus*, this Court reviewed the entire record, including ... two copies of the transcript of the state court guilty plea record which are contained in the record.
>
> [A]s noted above, there are two copies of the state court transcript of the guilty plea hearing in the record, both of which this Court reviewed prior to entry of its July 9, 2004, Judgment ...
>
> Therefore, for the reasons set forth in the Report and Recommendation of the Magistrate Judge, and after a second independent review of the entire record filed herein, including a complete certified transcript of the state court guilty plea hearing, see Document No. 31, this Court again concurs with, and adopts, the Magistrate Judge's findings and conclusions under applicable law. [*id*., doc. 52]

On March 8, 2005, plaintiff corresponded with the Clerk of Court. Plaintiff's letter indicates that he misinterpreted the Fifth Circuit's February 21, 2005, ruling. Plaintiff believed that the Fifth Circuit's order voided his guilty plea and conviction in the Fifth Judicial District Court. [*id*., doc. 54] Accordingly, plaintiff submitted a Request for Immediate Release. [*id*., doc. 55]

On March 15, 2005, petitioner filed a Notice of Appeal. When he filed this notice, plaintiff was still incarcerated at WCPDC. [*id*., doc. 58] On March 23, 2005, Judge James denied a COA. [*id*., doc. 63]

3

On July 6, 2005,[1] plaintiff corresponded with the Clerk of Court and advised that he had been transferred to the Franklin Parish Detention Center, Winnsboro, Louisiana. [*id*., doc. 65] On July 12, 2005, plaintiff again corresponded with the Clerk and advised that he had been transferred to the Avoyelles Detention Center, Marksville, Louisiana. [*id*.. doc. 66]

On March 2, 2006, petitioner's request for COA was denied by the Fifth Circuit Court of Appeals. [*id*. doc. 68, *Danny R. Jefferson v. Warden of West Carroll Detention Center*, No. 04-30722.] On some unspecified date plaintiff filed an application for writ of *certiorari* in the United States Supreme Court which was assigned Docket Number 06-6909. A review of the Supreme Court's website reveals that his application for *certiorari* was denied on December 4, 2006, and that rehearing was denied on February 20, 2007.[2]

Plaintiff signed his civil rights complaint on December 22, 2006 [doc. 1-1, pp. 6-7]; it was post-marked and mailed on that same date [*id*., p. 8] and received and filed on December 27, 2006.

*Law and Analysis*

*1. Initial Review Pursuant to 28 U.S.C. §§1915 and 1915A*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or

---

[1] In his original complaint plaintiff alleged that Warden Grimmer was served a copy of the Fifth Circuit's February 21, 2005 order granting a COA four days following the entry of the order, or on or about February 25, 2005. He then alleged that Grimmer authorized plaintiff's transfer ten days later. [doc. 1-1, pp. 3-4] Thus, according to the original complaint, the complained of action occurred on or about March 7, 2005. However, the habeas corpus record [3:03-cv-2240] shows that plaintiff filed a Motion for Immediate Release on March 10, 2005, and, that plaintiff was still incarcerated at the WCPDC at that time. [3:03-cv-2240 at doc. 55-1, p. 2] Further, the record also reveals that plaintiff filed a second motion on March 11, 2005 and that he was still incarcerated at WCPDC at that time. [id., doc. 56-1, p. 4]

[2] *Jefferson v. Warden,* No. 06-6909, http://www.supremecourtus.gov/orders/courtorders/120406pzor.pdf, at p. 3; rehearing denied, http://www.supremecourtus.gov/orders/courtorders/022007pzor.pdf, at p. 66.

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). In addition, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original and amended complaints have been reviewed. Plaintiff's pleadings, along with the court records, provide a detailed description of the factual basis of his claim along

with his theories of liability with respect to the defendant.  Further amendment would serve no useful purpose.

Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for which relief may be granted and, that his complaint is frivolous.

### *2. Limitations*

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).

However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981).  <u>A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim.</u>  See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claim accrued on the date that he was transferred from WCPDC to the Franklin Parish Detention Center.   In his original complaint, plaintiff implied that this transfer occurred in

6

March 2005; however, the court records suggest that the complained of transfer did not occur until July 2005. Plaintiff should be afforded the benefit of any doubt since he is proceeding pro se. Accordingly, for the purposes of this Report, it will be presumed that the complained of transfer occurred on July 6, 2005, on the date plaintiff notified the court of his change of address. [See 3:03-cv-2240 at doc. 65]

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

Since plaintiff's claim accrued July 6, 2005, he had one year, or until July 6, 2006 to file his complaint. As shown above, plaintiff signed and mailed his complaint on December 22, 2006 [doc. 1-1, pp. 6-8] and that date is the earliest date upon which suit can be said to have been filed. That being so, plaintiff's filing is clearly untimely and his complaint must be dismissed as prescribed and therefore frivolous.

*3. Merits*

Further, plaintiff's claim is patently and manifestly frivolous. He claims that the defendant violated Supreme Court Rule 36 when he authorized plaintiff's transfer from the WCPDC to the Franklin Parish Detention Center in July, 2005. Supreme Court Rule 36, §1 provides in pertinent part, "Pending review in this Court of a decision in a *habeas corpus* proceeding ... the person having custody of the prisoner may not transfer custody to another person unless the transfer is authorized under this Rule." The record clearly establishes that plaintiff's *habeas corpus* proceeding was not pending in the United States Supreme Court on July 6, 2005; on the contrary, his *habeas corpus* claims were pending in the United States Fifth Circuit Court of Appeals on that date. Plaintiff's *habeas corpus* was not pending review in the United States Supreme Court until some time after March 2, 2006 when the Fifth Circuit denied

his request for a COA.

Finally, the case must be dismissed because the plaintiff has not shown the slightest harm with respect to the complained of actions of the defendant. Fundamental to any civil rights case, a plaintiff must show some injury as a prerequisite to recovery under §1983. *McCord v. Maggio*, 927 F.2d 844, 849 (5th Cir.1991); see also *Crowder v. Sinyard*, 884 F.2d 804, 812 n. 8 (5th Cir.1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990). Put another way, a civil rights plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Id.* at 819. The case and controversy requirement of Article III of the Constitution requires that to establish a federal civil rights claim, the plaintiff must show an injury attributable to the defendant, *O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), that is more than trivial or *de minimus*. *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997).

Even assuming a violation of Supreme Court Rule 36, plaintiff has shown no harm resulting from his transfer to Franklin Parish. In short, the facts alleged do not provide a basis for a potentially meritorious civil rights lawsuit. The facts as alleged fail to state a claim upon which relief may be granted.

Plaintiff's complaint lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted

pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**PLAINTIFF IS FURTHER ADVISED –  28 U.S.C. §1915(c)(G) provides,**

**<u>In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.</u>**

**Plaintiff has, on two prior occasions while he was incarcerated, had at least two (2) other actions or appeals dismissed as frivolous or for failing to state a claim for which relief may be granted. See** *Danny R. Jefferson v. Owen Rockett, et al.*, **No. 00-30487 (5th Cir. January 4, 2001) [Unpublished mandate available for viewing at 3:99-cv-2121 doc. 93]; and** *Danny Jefferson v. Robert Shemwell, et al.*, **No. 1:02-cv-1760 (United States District Court, District of Columbia), at doc. 2] Therefore, should the Court accept this Report and Recommendation and dismiss plaintiff's complaint as frivolous, he will have accumulated his Third Strike under 28 U.S.C. §1915(c)(G) and thereafter be prohibited from proceeding**

9

*in forma pauperis* **while incarcerated.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 2nd day of April, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE